IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SUNDANCE BEVERAGE COMPANY | ) ) ) | CASE NO. 5:12CV02676 |
| Plaintiffs, | ) ) | JUDGE DAVID D. DOWD, JR. |
| v. | ) ) ) | MAGISTRATE JUDGE KATHLEEN B. BURKE |
| CLEVELAND JUICE PRODUCTS, INC. | ) ) ) ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |

Plaintiff Sundance Beverage Company ("Plaintiff") has moved for default judgment against Defendant Cleveland Juice Products, Inc. ("Defendant") on its Complaint seeking damages relating to overdue invoices totaling $122,504.37. Doc. 1, Doc. 8. For the following reasons, the undersigned recommends that the Court GRANT Plaintiff's Motion for Default Judgment (Doc. 8).

### I. Procedural History

On October 25, 2012, Plaintiff filed its Complaint against Defendant alleging a breach of contract, a claim on an account, unjust enrichment, promissory estoppel and negligent misrepresentation and seeking judgment in the amount of $122,504.37 for monies due and owing on overdue invoices for the provision of beverage products.[1]  Doc. 1.

On February 27, 2013, Plaintiff filed a Motion to Clerk for Default Judgment pursuant to Fed. R. Civ. P. 55(A) and (B)(1).  Doc. 8.  On March 4, 2013, in accordance with Fed. R. Civ. P.

---

[1] On October 26, 2012, the Honorable United States District Judge David D. Dowd, Jr. referred this case to the undersigned for general pretrial supervision.

55(A), the Clerk entered default against Defendant for its failure to plead or otherwise defend the Complaint. Doc. 10. The undersigned now considers Plaintiff's Motion for Entry of Default Judgment. *See* Doc. 11.

## II. Law & Analysis

A.  **Default Judgment Standard**

Before a default judgment may be entered by the Court, the moving party must have first obtained an entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. "[A] default admits only a defendant's liability." See *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995); *see also J & J Sports Productions, Inc. v. Rodriguez*, No. 1:08–CV–1350, 2008 WL 5083149, *1 (N.D. Ohio Nov. 25, 2008) ("[A]fter default has been entered, the well-pled factual allegations of the complaint generally are accepted as true, except for those relating to the amount of damages"). The court, however, must determine whether the facts alleged in the complaint are sufficient to state a claim for relief as to the cause of action for which the plaintiff seeks default judgment. *Id.* at *1. Rule 55 does not require an evidentiary hearing as a prerequisite to the entry of default judgment if damages are established in documentary evidence or detailed affidavits and can be ascertained by computation on the record before the Court. Fed.R.Civ.P. 55(b).

In support of its motion for default judgment, Plaintiff has provided the sworn declaration of credit manager for Sundance Beverage Company John M. Scherzinger attesting to the truth and accuracy of the factual allegations in the Complaint, including the fact that the invoices attached to the Complaint were issued to Defendant, totaling more than $122,504.37, and that $122,504.37 remains unpaid and due and owing to Plaintiff from Defendant. Doc. 1-1, Doc. 8-3. The documentation provided by Plaintiff in this case is a sufficient basis for determining

Plaintiff's damages without the need for an evidentiary hearing.  *See, e.g., Joe Hand Promotions, Inc. v. Willis,* No. 5:08CV2786, 2009 WL 369511, at *1 (N.D. Ohio Feb.11, 2009) (finding a Rule 55 hearing on damages unnecessary because sufficient documentation was presented in order to calculate damages).

**B.    Plaintiff is entitled to default judgment against Defendant in the amount of $122,504.37.**

Plaintiff seeks to recover $122,504.37 for monies due on invoices for the provision of beverage products.  Doc. 1.  In its Complaint, Plaintiff pleads five alternative causes of action: a breach of contract, a claim on an account, unjust enrichment, promissory estoppel and negligent misrepresentation.  Doc. 1, ¶¶ 9-30.

Reviewing Plaintiff's breach of contract claim, the undersigned concludes that, when accepting all of the allegations in the Complaint as true, Plaintiff has established its entitlement to judgment in the amount of $122,504.37.  "To recover in an action for breach of contract under Ohio law, 'a plaintiff must prove the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff.'"  *BTX Industries, Inc. v. Party Animal*, 2010 WL 1438805, *3 (N.D. Ohio April 9, 2010); *eSynaptic Response Ltd. v. Bradley Co., LLC*, 2007 WL 4572803, *2 (N.D. Ohio Dec. 26, 2007).  Plaintiff's allegations sufficiently demonstrate the elements necessary to establish a breach of contract claim.  Accordingly, the undersigned concludes that Plaintiff is entitled to default judgment in the amount of $122,504.37 for the monies due and owing on overdue invoices.[2]

---

[2] Plaintiff has pled alternative causes of action.  However, since the undersigned has determined that the allegations in Count I, when accepted as true, are sufficient to state a claim for breach of contract, it is not necessary for the Court to determine whether the allegations in Counts I-IV are sufficient to state claims for relief as to those alternative causes of action.

### III. Conclusion

For the reasons set forth herein, the undersigned recommends that Plaintiff's motion for default judgment (Doc. 8) be GRANTED and that judgment be entered in favor of Plaintiff Sundance Beverage Company and against Defendant Cleveland Juice Products, Inc. in the amount of $122,504.37.

March 18, 2013

                                        **U.S. Magistrate Judge**
                                        **KATHLEEN B. BURKE**

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).